*80 THIS was a bill in chancery fded by Noffinger against Sneed and Lyon in the general court, to com. pel them to surrender a deed made by the Register on a sale of land for taxes, upon the ground, that the of the law had not been with.
The bill states JNoffinger to be a citizen and resident 0f Kentucky, and Lyon to be a citizen and resident of j,|ary]ant¡t hut is silent as to the citizenship and residence of Sneed. The subpoena directed to the sheriff of Franklin county was executed on Sneed, and he an. swered, denying the equity of the complainant and in. s'sf;'nS uPon ^ie validity of the sale, without objecting to the jurisdiction ol the general court,
Publication was made against Lyon, and he failing to appear and answer, the bill was taken for; confessed against him.
*81 On a final hearing, the general court pronounced a decree in favour oí the complainant, to reverse which, this appeal fis prosecuted. '
Whether the general court had jurisdiction of the case, is the first question to which our attention is drawn ay the-assignment or error.
2. The act of ¡799,2 Liit 309, gives to the gener al court jurisdiction ‘ in all controversies between non-residents, and between non residents and citizens of this state, where the matter in dispute shall be above the value of twenty dollars, and in all cases between citizens of this state respecting the titles or hounds of lauds if both parties consent and agree there Í0 ”
It is very obvious, that the general court could not, under this tatter clause, entertain jurisdiction of the present case, for want of the-consent of the defen dants. Sneed having answered without objecting to the jurisdiction of the court, his consent ought to b< thereby implied, as was held in the case of Fowler vs. Halbert, 3 Bibb, 384 ; but his consent, Without that of Lyon, was not sufficient to give jurisdiction to the court, for they were both defendants, and both constituted but one party to the controversy, according to the plain meaning of the act of assembly. The con. sent of both, therefore, was necessary to give juris. diction to the court, so far as its jurisdiction depended upon consent, and as Lyon did not appearand answer, there is no ground on which his consent can he pre sumed.
3. That the case is not within the first clause, be. fore recited, we think is equally clear. Sneed must we apprehend, be taken to be a citizen and resident of this state. He is proceeded against as such, and there is no allegation in the bill, that he is not. Assuming him to be a citizen of this state, as Noffinger is also a citizen, it is perfectly clear, that the court could not, under the first section of the act, entertain jurisdiction of a controversy between them ; for the clause only gave to the court jurisdiction of controversies between non-residents and between non-residents and the citi zens of this state. It is true, that Lynn, who is al-¡o a defendant, is a non.resident; but to bring the within the jurisdiction of the court, all the plaintiffs ..and defendants must be non. residents, or all the plain *82 tiffs must be non-residents and all the defendants citizens. or viceversa. This is required by thegrammatical sense of the language which the legislature has used, and it is sanctioned by the Supreme Court of the United States, in repeated decisions' on that clause’ of the constitution which gives to the federal courts jurisdiction, in language of precisely a similar construction.
The decree must be reversed with costs.